**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Kei & Chris LLC, | )<br>)<br>) |
| *Plaintiff*, | )<br>) Case No.<br>) |
| v. | )<br>)<br>) |
| THE PARTNERSHIPS and<br>UNINCORPORATED ASSOCIATIONS<br>IDENTIFIED ON SCHEDULE A | )<br>)<br>)<br>) |
| *Defendants.* | )<br>) |

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Plaintiff, KEI & CHRIS LLC ("Plaintiff"), hereby sues Defendants, Partnerships and Unincorporated Associations identified on Schedule "A" (collectively "Defendants") for copyright infringement. Defendants are promoting, selling, offering for sale, and distributing goods bearing Plaintiff's exclusive copyrighted works without authorization or license within this district through various Internet based e-commerce stores and fully interactive commercial Internet websites operating under the seller identities identified on Schedule "A".

This action has been filed by Plaintiff to combat e-commerce store operators who copy and trade upon Plaintiff's reputation and goodwill by directly copying or using derivative works of Plaintiff's copyrighted artworks without authorization. Defendants attempt to circumvent and mitigate liability by operating under one or more Seller Aliases to conceal their identities and the full scope and interworking of their infringing activities. Plaintiff is forced to file this action to protect unknowing consumers from purchasing

1

products over the Internet that are mistakenly believed to emanate from Plaintiff. Plaintiff has been and continues to be irreparably damaged through consumer confusion and dilution of its valuable copyrighted artworks as a result of Defendants' actions and seeks injunctive and monetary relief. In support of its claims, Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action for federal copyright pursuant to 17 U.S.C. § 501, *et seq*. Accordingly, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C §§ 1131 and 1338.

2. Defendants, under store aliases, are subject to personal jurisdiction in this district because they direct business activities toward and conduct business with consumers throughout the United States, including within the State of Illinois and this district, through, at least, the Internet based e-commerce stores and fully interactive Internet websites accessible in Illinois and operating under their seller IDs. Each of the Defendants has targeted sales from Illinois residents by operating online stores that offer shipping to this state, accept payment in U.S. dollars, and, on information and belief, has sold infringing products to the residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in Illinois. Alternatively, Defendants are subject to personal jurisdiction in this district pursuant to Federal Rule of Civil Procedure 4(k)(2), because (i) Defendants are not subject to jurisdiction in any state's court of general jurisdiction; and (ii) exercising jurisdiction is consistent with the United States Constitution and laws.

3. Venue is proper in this Court pursuant to 28 U.S.C § 1391 since

Defendants are, upon information and belief, foreign entities or individuals who are engaged in infringing activities and causing harm within this district by advertising, offering to sell, selling, and/or shipping infringing products into this district.

4. Joinder is proper in this matter pursuant to Fed. R. Civ. P. 20(a)(2) as Plaintiff's claim for relief arises out of the same transaction, occurrence, or series of transactions or occurrences related to the promoting, offering for sale, and selling of the same infringing products. As such, common questions of law and fact exist regarding all Defendants in terms of infringement and any likely counterclaims for noninfringement of copyrighted works. Furthermore, joinder of the Defendants in this action facilitates judicial economies in litigation and promotes fairness to the parties, as encouraged by the Supreme Court and Eleventh Circuit.

## THE PLAINTIFF

5. Plaintiff, Kei & Chris LLC d/b/a Trendy & Tender, founded in 2020, is a corporation organized under the laws of the United States/ the state of Texas with a principal place of business located at 4750 N Jupiter Road, Ste 102, Garland, Texas 75044-5858.

6. Trendy & Tender crafts hairpins, bracelets, pendants, and earrings that blend cutting-edge style with unapologetic activism. Plaintiff is the owner of a number of federal copyright registrations that protect the creative content of Plaintiff's images and illustrations, through which it conveys to the public a new way to redefine beauty and confidence.

7. Some of Plaintiff's copyrighted works include various artworks registered

with the United States Copyright Office under Registration Numbers VA2-432-038 and VA2-424-921 (the "Plaintiff Works"). A true and correct copy of the registrations is attached as Exhibit A. The registrations are valid, subsisting and in full force and effect. Upon information and belief, the copyrights have an effective date that predates the Defendants' acts of copyright infringement.

8. Among the exclusive rights granted to Plaintiff under the United States Copyright Act are the exclusive rights to reproduce, prepare derivative works, compilations, distribute copies thereof, and display Plaintiff Works to the public.

9. Plaintiff places great emphasis on the protection of its investment in intellectual property. It has devoted substantial time, effort, and expense to researching and identifying appropriate styles and designs for the production of its own products, and has obtained copyright registrations and filed patent applications for the relevant design works. As a result, products associated with Plaintiff Works have garnered significant recognition and adoration from consumers ("Plaintiff Products").

10. The success of Plaintiff Products is largely due to Plaintiff's designs, marketing, promotional, and distribution efforts. As a result of Plaintiff's efforts, the quality of Plaintiff Products, the promotional efforts for their design, and social media coverage, members of the public have become familiar with Plaintiff Works and associate it exclusively with Plaintiff Products.

11. Plaintiff has made efforts to protect its interest in and to Plaintiff Works. No one other than Plaintiff and Plaintiff's licensees is authorized to promote, offer for sale, or sell any goods bearing Plaintiff Works.

**THE DEFENDANTS**

12. On information and belief, Defendants are individuals and business entities of unknown makeup who own and operate one or more of the e-commerce stores under at least the Seller Aliases identified on Schedule A and/or other seller aliases not yet known to Plaintiff.

13. On information and belief, Defendants regularly conduct, transact and/or solicit business, and/or derive substantial revenue from their business transactions in the U.S. including this district. Defendants were and/or are systematically directing and/or targeting their business activities at consumers in the U.S., including Illinois, through accounts with online marketplace platforms as well as any and all as yet undiscovered user accounts, through which consumers in the United States can view Defendants' merchant storefronts that each Defendant operates, uses to communicate with Defendants regarding their listings for and to place orders for, receive invoices for and purchase infringing products for delivery in the U.S., including this district, as a means for establishing regular business with the U.S., including Illinois.

14. On information and belief, Defendants are sophisticated sellers, each operating one or more commercial businesses through their respective user accounts, using their merchant storefronts to advertise, market, promote, distribute, offer for sale and sell the infringing products at below-market prices to consumers in this district.

15. Upon information and belief, all Defendants accept payment in U.S. Dollars and offer shipping to the U.S., including to Illinois.

16. Upon information and belief, Defendants are aware of Plaintiff Products

5

and are aware that their illegal infringing actions alleged herein are likely to cause injury to Plaintiff.

17. On information and belief, Defendants reside and/or operate in foreign jurisdictions with lax intellectual property enforcement systems. All Defendants advertise and sell hair clip products using Plaintiff Works. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b)(1).

18. On information and belief, Defendants, either individually or jointly, operate one or more e-commerce stores under the Seller Aliases listed in Schedule A attached hereto. Tactics are used by Defendants to conceal their identities and the full scope of their operation to make it virtually impossible for Plaintiff to learn Defendants' true identities and the exact interworking of their network. If Defendants provide additional credible information regarding their identities, Plaintiff will take the appropriate steps to amend the Complaint.

**DEFENDANTS' INFRINGING CONDUCT**

19. The success of Plaintiff Products has resulted in significant theft of Plaintiff Works as well as its other intellectual properties. Defendants advertise their hair clip products using direct copies or derivative copies of Plaintiff Works to mislead the public into believing that Defendants' products emanate from the Plaintiff. Plaintiff regularly investigates suspicious e-commerce stores identified in proactive Internet sweeps and reported by consumers. Recently, Plaintiff has identified numerous fully interactive e-commerce stores, including those operating under the Seller Aliases, which were and/or are offering for sale and/or are selling products using Plaintiff Works to consumers

6

throughout the United States, including Illinois. E-commerce sales, including through e-commerce stores like those of the Defendants, have resulted in a sharp increase in sales for those stores unlawfully using Plaintiff Works in the United States.

20. Third-party service providers, such as, for example, Walmart, Amazon, Temu, eBay, etc., like those used by Defendants do not adequately subject new sellers to verification and confirmation of their identities, allowing those misappropriating lawful intellectual property to routinely use false or inaccurate names and addresses when registering with these e-commerce platforms. Since platforms generally do not require a seller on a third-party marketplace to identify the underlying business entity, those misappropriating intellectual property can have many different profiles that can appear unrelated even though they are commonly owned and operated.

21. Defendants concurrently employ and benefit from substantially similar advertising and marketing strategies. For example, Defendants facilitate sales by designing the e-commerce stores operating under the Seller Aliases so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers. E-commerce stores operating under the Seller Aliases appear sophisticated and accept payment in U.S. dollars via credit cards, Alipay, Amazon Pay, and/or PayPal and others. E-commerce stores operating under the Seller Aliases include content and images that are protected and that make it very difficult for consumers to distinguish such stores from an authorized retailer. Plaintiff has not licensed or authorized Defendants to use any of the Plaintiff Works, and none of the Defendants are authorized retailers of genuine Plaintiff Products.

22. Many Defendants also deceive unknowing consumers by using Plaintiff without authorization within the content, artworks, text, and/or meta tags of their e-

commerce stores in order to attract various search engines crawling the Internet looking for websites relevant to consumer searches for hair clip products. Other e-commerce stores operating under Seller Aliases attempt to cut off part of Plaintiff Works or use Photoshop to change the color, which are derivative works or compilations, of certain items to evade enforcement efforts while using strategic item titles and descriptions that will trigger their listings when consumers are searching forPlaintiff Products.

23. On information and belief, Defendants have engaged in fraudulent conduct when registering the Seller Aliases by providing false, misleading and/or incomplete information to Internet-based e-commerce platforms. Certain Defendants have anonymously registered and maintained Seller Aliases to prevent discovery of their true identities and the scope of their e-commerce operation.

24. On information and belief, Defendants regularly register or acquire new seller aliases to sell products using Plaintiff Works. Such seller alias registration patterns are one of many common tactics used by the Defendants to conceal their identities and the full scope and interworking of their operation, and to avoid being shut down.

25. Even though Defendants operate under multiple fictitious aliases, the e-commerce stores operating under the Seller Aliases often share unique identifiers, such as templates with common design elements that intentionally omit any contact information or other information for identifying Defendants or other Seller Aliases they operate or use. E-commerce stores operating under the Seller Aliases include other notable common features such as use of the same registration patterns, accepted payment methods, check-out methods, keywords, illegitimate search engine optimization (SEO), advertising tactics, similarities in price and quantities, the same incorrect grammar and misspellings, and/or the use of the

same text and images.

26. On information and belief, Defendants are in constant communication with each other and regularly participate in WeChat and through websites such as sellerdefense.cn, Daseon Legal Service, and Maijiazhichi regarding tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits.

27. Defendants typically operate under multiple seller aliases and payment accounts so that they can continue operation in spite of Plaintiff's enforcement efforts. On information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their financial accounts to off-shore accounts outside the jurisdiction of this Court to avoid payment of any monetary judgment awarded to Plaintiff.

28. On information and belief, Defendants are an interrelated group of e-commerce sellers misappropriating Plaintiff's valuable intellectual property working in active concert to knowingly and willfully advertise the infringing products in the same transaction, occurrence, or series of transactions or occurrences. Defendants, without any authorization or license from Plaintiff, have jointly and severally, knowingly, and willfully used and continue to use Plaintiff Works in connection with the promotion, distribution, offering for sale, and sale of infringing products into the United States over the Internet.

29. Defendants' infringing activities have caused confusion, mistake, and deception by and among consumers and are irreparably harming Plaintiff.

## COUNT I

### Copyright Infringement

30. Plaintiff hereby re-alleges and incorporates by reference the allegations

9

set forth in the preceding paragraphs.

31. Plaintiff is the owner of valid and enforceable Plaintiff Works, which contain certain copyrightable subject matter under 17 U.S.C. §§ 101, et seq.

32. Plaintiff has complied with the registration requirements of 17 U.S.C. § 411(a).

33. Defendants do not have any ownership interest in the Plaintiff Works. Defendants had access to Plaintiff Works via the Internet.

34. Without authorization from Plaintiff, or any right under the law, Defendants have deliberately copied, displayed, distributed, reproduced and made derivative works of Plaintiff Works on e-commerce stores operating under the Seller Aliases. Defendants' derivative works are virtually identical to and/or are substantially similar to the look and feel of Plaintiff Works. Such conduct infringes and continues to infringe Plaintiff's copyright in violation of 17 U.S.C. § 501(a) and 17 U.S.C. § 106. Defendants reap the benefits of the unauthorized copying and distribution of the Plaintiff Works in the form of revenue and other profits that are driven by the sale of unauthorized products.

35. Defendants have unlawfully appropriated Plaintiff's protectable expression by taking material of substance and value and creating unauthorized products that capture the total concept and feel of Plaintiff Works.

36. On information and belief, Defendants' infringement has been willful, intentional, and purposeful, and in disregard of and with indifference to Plaintiff's copyright.

37. Defendants, by their actions, have damaged Plaintiff in an amount to be determined at trial.

38. Defendants' conduct is causing, and unless enjoined and restrained by this Court will continue to cause, Plaintiff significant and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a preliminary and permanent injunction prohibiting further infringement of Plaintiff Works.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, KEI & CHRIS LLC, prays for judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, employees, and attorneys preliminarily, and permanently be enjoined and restrained from:

   a. reproducing, distributing copies of, making derivative works of, or publicly displaying the Plaintiff Works in any manner without the express authorization of Plaintiff; and

   b. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff; and

   c. further infringing Plaintiff Works and damaging Plaintiff's goodwill;

2) Entry of an Order that, upon Plaintiff's request, those with notice of the injunction,

11

including, without limitation, any online marketplace platforms such as, but not limited to, Walmart, Amazon, eBay, and Temu (collectively, the "Third Party Providers") as well as the applicable Internet marketplace website operators and/or administrators for the Seller IDs, shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the use of Plaintiff Works, and shall also disable and/or cease facilitating access to the Seller IDs, associated e-commerce stores and websites, and any other alias seller identification names being used and/or controlled by Defendants to market, offer for sale, and/or sell goods bearing infringements of Plaintiff's Copyright;

3) As a direct and proximate result of Defendants' infringement of Plaintiff's copyrights, Plaintiff is entitled to damages as well as Defendants' profits, pursuant to 17 U.S.C. §504;

4) Alternatively, and at Plaintiff's election prior to any final judgment being entered, Plaintiff is entitled to the maximum amount of statutory damages provided by law, $150,000 per work infringed pursuant to 17 U.S.C. § 504(c), or for any other such amount as may be proper pursuant to 17 U.S.C. § 504(c);

5) Plaintiff is further entitled to recover its attorneys' fees and full costs for bringing this action pursuant to 17 U.S.C. § 505; and

6) Award any and all other relief that this Court deems just and proper.

Dated: February 10, 2026.                    Respectfully submitted,

*/s/ Ni Xue*
Ni Xue, Esq.
E-mail: Ni@kemetlawgroup.com
KEMET LAW GROUP, LLC
1825 NW Corporate Blvd., Ste. 110
Boca Raton, Florida 33431
Telephone: (561) 870-0605
Facsimile: (561) 870-0606

*Attorney for Plaintiff Kei & Chris LLC*